UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                          Case No:   6:22-cv-630-GAP-LHP

LEELAMMA JOLLY,

    Defendant

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. No. 18)**
>
> **FILED:**     October 4, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND.

Plaintiff Joe Hand Promotions, Inc. instituted this action against Defendant Leelamma Jolly[1] for Defendant's alleged unauthorized commercial use of the *Errol Spence Jr. vs. Shawn Porter* pay-per-view event on September 28, 2019 (hereinafter "the Broadcast") at C&L Royal USA LLC d/b/a 90 Degree Sports Bar & Grill (hereinafter "the Venue"), in violation of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605.  Doc. No. 1.  In the complaint, Plaintiff alleges that it held the exclusive contractual commercial distribution and licensing rights to the Broadcast, including all undercard bouts and commentary.  *Id.* ¶¶ 1, 8.

Defendant is an officer, director, shareholder, member and/or principal of the Venue, who had a right and ability to supervise the activities of the Venue, and had a direct financial interest in the activities thereof.  *Id.* ¶ 3.  The Venue could display the Broadcast only upon entering into a contract with Plaintiff and paying a commercial licensing fee.  *Id.* ¶¶ 9–10.  However, Defendant chose not to contract with Plaintiff, pay a fee, or obtain the proper license or authorization, and by unauthorized satellite transmission or unauthorized receipt over a cable system, willfully intercepted and received the Broadcast and published it to patrons at the

---

[1] Although C&L Royal USA LLC was also named as a Defendant in the complaint, on June 7, 2022, Plaintiff filed a notice of voluntary dismissal as to that Defendant.  Doc. No. 12.  The Court thereafter dismissed the claims against C&L Royal USA LLC and terminated the entity as a Defendant.  Doc. No. 14.

Venue with the purpose and intent to secure commercial advantage and private financial gain.  *Id.* ¶¶ 10–13.

Defendant was personally served on April 2, 2022.  Doc. No. 10.  Defendant did not appear, and a Clerk's default was entered on July 21, 2022.  Doc. Nos. 15–16.  Now, Plaintiff moves for default judgment.  Doc. No. 18.  Plaintiff includes with the motion:  (1) a memorandum of points and authorities in support (Doc. No. 18-1); (2) a declaration from its counsel (Doc. No. 18-2); (3) screenshots of Facebook posts advertising the Broadcast at the Venue (Doc. No. 18-3); (4) organization and license information for the Venue (Doc. Nos. 18-4, 18-5); (5) a declaration from Joseph P. Hand, III, Plaintiff's President (Doc. No. 18-6); (6) a commercial pricing sheet for the Broadcast (Doc. No. 18-7); (7) a copy of the commercial licensing agreement (Doc. No. 18-8); and (8) a "Boxing Piracy Affidavit" from auditor John Onore, who visited the Venue during the Broadcast (Doc. No. 18-9).  Plaintiff requests a judgment of $14,052.00 in damages and fees, representing $3,000.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), $9,000.00 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), $1,500.00 in attorneys' fees, and $552.00 in costs.  Doc. No. 18-1, at 13.

Plaintiff's motion has been referred to the undersigned, and the matter is ripe for review.

## II.     STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2]  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff is entitled to default judgment, then the Court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A]

hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

## III. ANALYSIS.

### A. Jurisdiction.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the complaint raises a federal question, and it has personal jurisdiction over the Defendant, who resides and operates a business in Florida. *See* Doc. No. 1 ¶ 3.

### B. Clerk's Default.

Defendant was personally served on April 2, 2022. Doc. No. 10; Fed. R. Civ. P. 4(e)(2)(A). Defendant had twenty-one days from the date of service to respond to the complaint, but did not. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, the Clerk properly entered default against Defendant. *See* Fed. R. Civ. P. 55(a).

### C. Liability.

The Communications Act of 1934 provides that:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such

> communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a).   The Communications Act permits a private right of action for violations of § 605(a), and permits aggrieved parties to recover statutory damages, attorneys' fees, and costs.   *Id.* § 605(e)(3)(B)(ii), (iii).

Here, to establish a violation of § 605(a), Plaintiff must demonstrate that "(1) Defendant[ ] intercepted the transmission of the boxing match; (2) Defendant[ ] did not pay for the right to receive the transmission; and (3) Defendant[ ] displayed the boxing match to the patrons of [the] commercial establishment."   *See Joe Hand Promotions, Inc. v. Mortimer*, No. 6:19-cv-516-Orl-37EJK, 2020 WL 2366738, at *3 (M.D. Fla. Apr. 24, 2020), *report and recommendation adopted*, 2020 WL 2330233 (M.D. Fla. May 11, 2020) (quoting *Joe Hand Promotions, Inc. v. Prevot*, No. 8:19-cv-651-T-24SPF, 2019 WL 4694530, at *2 (M.D. Fla. Sept. 26, 2019)).   In addition, to recover against Defendant in an individual capacity based on vicarious liability, which is what Plaintiff seeks to do, Plaintiff must demonstrate that Defendant "had the 'right and ability to supervise the violations, and that [she] had a strong financial interest in such activities.'"   *Joe Hand Promotions, Inc. v. Guevara*, No. 8:19-cv-650-T-36AAS, 2020 WL 3288029, at *3 (M.D. Fla. June 18, 2020) (quoting *J & J Sports Prods., Inc. v.*

*Mega Taco, Inc.*, No. 1:17-CV-1863-RWS, 2018 WL 2760318, at *4 (N.D. Ga. Apr. 5, 2018)).

In the complaint, Plaintiff alleges that Defendant, by unauthorized satellite transmission or by unauthorized receipt over cable system, willfully intercepted the Broadcast, and then unlawfully transmitted, divulged, and published the Broadcast to patrons at the Venue. Doc. No. 1 ¶¶ 10–11. Plaintiff further alleges that Defendant pirated Plaintiff's licensed exhibition of the Broadcast, infringing on Plaintiff's exclusive rights and avoiding proper authorization from and payment to Plaintiff, with the purpose and intent to secure commercial advantage and private financial gain. *Id.* ¶ 13. Plaintiff also alleges that Defendant was the "officer, director, shareholder, member and/or principal of" the Venue, had the right and ability to supervise the activities of the Venue, and had a financial interest in the Venue's activities. *Id.* ¶ 3. *See also* Doc. No. 18-5 (articles of organization for C&L Royal USA LLC identifying Leelamma Jolly as the entity's manager and authorized representative). Through default, Defendant admits these allegations. *See Nishimatsu*, 515 F.2d at 1206.

Plaintiff alleges facts sufficient to demonstrate a willful violation of § 605(a). *See, e.g.*, *Mortimer*, 2020 WL 2366738, at *3, *report and recommendation adopted*, 2020 WL 2330233 (M.D. Fla. May 11, 2020); *Guevara*, 2020 WL 3288029, at *3; *Prevot*, 2019 WL 4694530, at *2; *Joe Hand Promotions, Inc. v. Santana*, No. 6:19-cv-116-Orl-37GJK,

2019 WL 6134420, at *4 (M.D. Fla. Nov. 1, 2019), *report and recommendation adopted*, 2019 WL 6133737 (M.D. Fla. Nov. 19, 2019); *Joe Hand Promotions, Inc. v. Saed*, No. 8:18-cv-2237-T-23TGW, 2019 WL 13082685, at *1 (M.D. Fla. May 2, 2019). Accordingly, entry of default against Defendant under § 605(a) is proper.  *See id.*[3]

D.  Damages.

Pursuant to 47 U.S.C. § 605(e)(3)(B), the Court may award Plaintiff damages, as well as costs and attorneys' fees.  Plaintiff may pursue actual or statutory damages.  47 U.S.C. § 605(e)(3)(C)(i).  "This Court may award statutory damages for the violation of § 605(a) in an amount not less than $1,000 or more than $10,000,

---

[3] In the complaint, Plaintiff also pleads in the alternative that Defendant has violated 47 U.S.C. § 553.  Doc. No. 1 ¶¶ 17–18.  "Both 47 U.S.C. § 553 and 47 U.S.C. § 605 prohibit unauthorized interception and reception of a cable broadcast."  *Saed*, 2019 WL 13082685, at *1 (citing *J & J Sports Prods., Inc. v. Arboleda*, No. 6:09-cv-467-Orl-18DAB, 2009 WL 3490859, at *4 (M.D. Fla. Oct. 27, 2009)).  "[A]lthough Section 553 applies only to cable transmissions, Section 605 applies to both cable transmissions and satellite transmissions.  Accordingly, if a person transmits a television broadcast by both cable and satellite . . . both statutes apply."  *Id.*  *See also Prevot*, 2019 WL 4694530, at *2 (setting forth same elements of claim under both § 553 and § 605).  Nonetheless, Plaintiff may recover under only one of the two statutes.  *Saed,* 2019 WL 13082685, at *1.  *See also Prevot,* 2019 WL 4694530, at *2 (M.D. Fla. Sept. 26, 2019) ("When a defendant is liable under both § 605 and § 553, the plaintiff may recover damages under only one of those sections."); *Santana*, 2019 WL 6134420, at *1, *report and recommendation adopted*, 2019 WL 6133737 (M.D. Fla. Nov. 19, 2019) ("Plaintiff elects to abandon its claim under 47 U.S.C. § 553 because when a defendant is liable under both sections of the Federal Communications Act, as would be the case here, the plaintiff recovers under only one section, § 553 or § 605." (record citation and internal quotations omitted)).  Plaintiff recognizes this, and in the motion for default judgment, states that it has elected to pursue damages under § 605 alone.  Doc. No. 18-1, at 5.  Accordingly, the remainder of this Report addresses Plaintiff's claim for damages under § 605.

as the Court considers just." *Prevot*, 2019 WL 4694530, at *2 (citing 47 U.S.C. § 605(e)(3)(C)(i)(II)).

Plaintiff here seeks statutory damages in the amount of $3,000.00. Doc. No. 18-1, at 5. In support, Plaintiff states that had Defendant legally licensed the Broadcast from Plaintiff, the licensing fee would have been $2,200.00. *Id.* at 6. *See also* Doc. No. 18-7 (commercial pricing sheet setting rate at $2,200.00 for fire code occupancy of 101–200); Doc. No. 18-9, at 2 (affidavit of auditor estimating capacity of the Venue at 150–160 people). Plaintiff contends that it would be impossible to determine the full extent of its profits and good will lost, and additional damages incurred, by Defendant's unauthorized use of the Broadcast. Doc. No. 18-1, at 6. Plaintiff further argues that in addition to its lost revenue, Defendant gained profit by its unauthorized use of the Broadcast. *Id.* at 7–8. So, Plaintiff states that $3,000.00 in statutory damages is fair and reasonable, which is an amount equal to the legal licensing fee Defendant should have paid ($2,200.00) plus a modest estimate of Defendant's profits ($800.00). *Id.* at 8.

Upon consideration, Plaintiff does not provide sufficient justification for its estimation of Defendant's profits from the Broadcast. Indeed, an affidavit from an auditor who visited the Venue during the Broadcast indicates that he was not required to pay a cover charge to enter the Venue, and that there were at most nine patrons in the Venue during the Broadcast. *See* Doc. No. 18-9.

Plaintiff does provide sufficient evidence to support the $2,200.00 licensing fee, though.  *See* Doc. No. 18-7; Doc. No. 18-9, at 2.   Accordingly, I will recommend that the Court award statutory damages in the amount of the licensing fee: $2,200.00.   *See, e.g.*, *Guevara*, 2020 WL 3288029, at *4 (limiting statutory damages to amount of the licensing fee when Plaintiff did not support assertions of profits earned by the defendant from the broadcast); *Mortimer*, 2020 WL 2366738, at *4, *report and recommendation adopted*, 2020 WL 2330233 (M.D. Fla. May 11, 2020) (same).

Plaintiff also seeks enhanced statutory damages as permitted by 47 U.S.C. § 605(e)(3)(C)(ii).   Doc. No. 18-1, at 8–10.   *See* 47 U.S.C. § 605(e)(3)(C)(ii) ("In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a).").   Plaintiff seeks enhanced damages in the amount of $9,000.00, which is equal to three times the statutory damages it seeks under § 605(e)(3)(C)(i)(II).   Doc. No. 18-1, at 10.

As Plaintiff argues, Defendant admits by virtue of the default that the violation of the statute was willful and committed for the direct or indirect purpose of commercial advantage or private financial gain.   Doc. No. 18-1, at 8–11.   *See* Doc. No. 1 ¶¶ 11, 13.   Accordingly, I will recommend that the Court award

enhanced statutory damages in an amount equal to three times the statutory damages under § 605(e)(3)(C)(i)(II), in the total amount of $6,600.00. *See, e.g.*, *Guevara*, 2020 WL 3288029, at *4 (awarding enhanced damages in three times amount of statutory damages for violation deemed admittedly willful by virtue of default); *Mortimer*, 2020 WL 2366738, at *4, *report and recommendation adopted*, 2020 WL 2330233 (M.D. Fla. May 11, 2020) (same). *See also Innovative Sports Mgmt., Inc. v. Maldonado*, No. 19-CV-61935, 2020 WL 9460225, at *6 (S.D. Fla. June 26, 2020), *report and recommendation adopted*, 2020 WL 9460218 (S.D. Fla. July 13, 2020) ("Where, as here, the cost of the licensing fee is relatively low, enhanced damages serve an important purpose in deterring Defendants from future violations, compensating Plaintiff for time and money spent policing its signals, and levelling the playing-field for law-abiding businesses who were placed at a competitive disadvantage vis-a-vis businesses that could air the Broadcast without incurring licensing fees.").

E. <u>Attorneys' Fees and Costs</u>.

Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), "[t]he court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Here, Plaintiff seeks attorneys' fees in the amount of $1,500.00, as well as $552.00 in costs. Doc. No. 18-1, at 13. In support, Plaintiff submits a declaration from its counsel. Doc. No. 18-2. Counsel avers that his billable hourly rate is $250.00 per hour, and that he spent six hours on this case. *Id.*

¶ 10.  The costs represent $402.00 for the filing fee, and $150.00 to effect service of process on Defendant.  *Id.* ¶ 11.

Although Plaintiff fails to submit sufficient documentation to support the attorney fee request,[4] the Court may rely on its own knowledge and expertise in determining whether the hourly rate sought and the number of hours expended are reasonable.  *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  Upon consideration, the undersigned finds the hourly rate requested, and the number of hours spent, reasonable, and will recommend that Plaintiff be compensated for same.  *See, e.g.*, *Guevara*, 2020 WL 3288029, at *4 (approving $250.00 per hour and finding six hours reasonable time spent on similar case); *Joe Hand Promotions, Inc. v. Johnny G's LLC*, No. 8:19-cv-652-T-60CPT, 2020 WL 7029302, at *6 (M.D. Fla. Nov. 13, 2020), *report and recommendation adopted*, 2020 WL 7024873 (M.D. Fla. Nov. 30, 2020) (same); *Mortimer*, 2020 WL 2366738, at *4, *report and recommendation adopted*, 2020 WL 2330233 (M.D. Fla. May 11, 2020) (same); *Joe Hand Promotions, Inc. v. Rene*, No. 6:19-cv-515-Orl-78GJK, 2020 WL 3000195, at *4 (M.D. Fla. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 2999385 (M.D. Fla. Jan. 29, 2020) (same); *Prevot*, 2019 WL 4694530, at *3 (same).

---

[4] The fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually billed and paid in similar lawsuits."  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  This requires "more than the affidavit of the attorney performing the work," and generally includes evidence of the rates charged by lawyers in similar circumstances, or opinion evidence of reasonable rates.  *Id.*

As it relates to costs, the docket reflects that the filing fee was paid, and Plaintiff is entitled to its recovery. *See* 28 U.S.C. § 1920(1). *See also Fam. Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Fees of the clerk and marshal include filing fees and are clearly taxable." (citations omitted)). Regarding the $150.00 for service of process, however, Plaintiff submits no evidence in support, outside of the lone statement in counsel's declaration that the cost was incurred. Doc. No. 18-2 ¶ 11. While recovery of the cost of private process servers is authorized under 28 U.S.C. § 1920(1), the rate must not exceed the costs charged by the United States Marshal's Service to effectuate service. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The current statutory rate for service by the United States Marshal is $65.00 per hour, plus travel costs and other out of pocket expenses. *See* 28 C.F.R. § 0.114(a)(3); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *2 (M.D. Fla. July 14, 2015). Accordingly, absent any argument or evidence in support of a higher amount, I will recommend that the recoverable costs for service of process on Defendant be limited to $65.00. *See, e.g., Johnny G's LLC*, 2020 WL 7029302, at *6, *report and recommendation adopted*, 2020 WL 7024873 (M.D. Fla. Nov. 30, 2020) (reducing service of process fee to $65.00 for same reasons). *See also Maldonado*, 2020 WL 9460225, at *9, *report and recommendation adopted*, 2020 WL 9460218 (S.D. Fla. July 13, 2020) (similar).

### IV. RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT in part and DENY in part** Plaintiff's Motion for Default Judgment (Doc. No. 18);

2. **ENTER** default judgment in favor of Plaintiff and against Defendant in the total amount of **$10,767.00**, as follows:

    - $2,200.00 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II)
    - $6,600.00 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)
    - $1,500.00 in attorneys' fees
    - $467.00 in costs

3. **DENY** the motion (Doc. No. 18) in all other respects; and thereafter

4. **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 14, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy